UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT E. SANDIFER** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2992** |
| **ROBERT C. TANNER, ET AL.** | **SECTION B (1)** |

## ORDER AND REASONS

Plaintiff, Robert E. Sandifer objects to the Magistrate Judge's Report and Recommendation recommending dismissal of Plaintiff's 42 U.S.C. § 1983 petition for failure to state a claim upon which relief can be granted. The Court, having independently considered the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the untimely objections to the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion herein. **IT IS ORDERED** that the findings of the Magistrate Judge be **AFFIRMED** and Petitioner's 42 U.S.C. § 1983 petition be **DISMISSED WITH PREJUDICE**.

**I.   PROCEDURAL HISTORY**

Plaintiff, Robert E. Sandifer, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He names as defendants: Warden Robert C. Tanner; Assistant Warden Wayne

1

Cook; Dr. Casey McVea.[1] On January 23, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that the complaint be dismissed with prejudice as "frivolous and/or for failing to state a claim on which relief may be granted."[2] Plaintiff objects.

## I.  FACTUAL ALLEGATIONS

In his lawsuit, plaintiff claims that he has been denied adequate medical care. Petitioner alleges as follows: On August 13, 2013, plaintiff consulted Dr. McVea, the prison doctor, concerning a rash. After conducting an examination, Dr. McVea diagnosed plaintiff as having an allergic reaction to an unknown substance and prescribed a topical cream. When that cream failed to resolve plaintiff's condition, Dr. McVea prescribed a different cream. Although plaintiff requested to see a specialist Dr. McVea refused.

Plaintiff later sent a letter of complaint to Assistant Warden Cook. On September 23, 2014, Cook responded, stating:

> I have received your letter of complaint that you have made several sick calls about your rash, and it has not improved. You stated that you have had blood work done as well as other tests, and you are requesting that you be allowed to see a specialist. I checked and you are scheduled to see Dr. McVea tomorrow. He is the Medical authority at RCC and is competent and

---
[1] Rec. Doc. No. 1 at 15. Although plaintiff refers to "Dr. Soil" throughout the complaint, plaintiff has not listed this person as a "Defendant."
[2] Rec. Doc. No. 6.

2

> compassionate. Hopefully he will be able to find a solution to your problem. Only Dr. McVea is able to make a specialist referral. I am sorry that I cannot provide you with a more favorable response, but perhaps your visit tomorrow will find a solution for your discomfort.[3]

Plaintiff then sent a letter to Warden Tanner. On September 29, 2014, Cook responded stating:

> Your letter to Warden Tanner regarding your medical problem has been forwarded to me for a response. Your complaint is that your condition has not improved since your visit with Dr. McVea. You stated that you have not received the results of various tests that have been conducted. You indicated that you are also requesting that you be allowed to see a specialist. Neither Warden Tanner nor I are medical doctors. Dr. McVea is the Medical Authority at RCC and is competent and compassionate. Hopefully, he will be able to find a solution to your problem. He alone is able to make a specialist referral. If you are continuing to experience a problem with a rash, you will need to make another sick call. I am sorry that I cannot provide you with a more favorable response.[4]

Plaintiff next filed a formal administrative grievance. However, prior to receiving a response, he again saw Dr. McVea on October 1, 2014. At that visit, Dr. McVea agreed to schedule a dermatology consultation.

On October 14, 2014, Warden Tanner denied plaintiff's administrative grievance, stating:

---

[3] Rec. Doc. No. 1 at 24.
[4] Rec. Doc. No. 1 at 25.

3

> Response to requested dated, received in this office 9/10/2014. Your complaint has been reviewed and investigated. A review of your medical record has also been conducted.
>
> According to your medical record, you made a sick call on July 15, 2014, complaining of having a rash under your arms, chest, and hands. When Dr. Casey McVea, Health Care Authority, reviewed this health care encounter, he ordered that you be scheduled a routine appointment to see him. This appointment was scheduled for September 24, 2014. However, because of Dr. McVea attending a conference, this appointment was rescheduled for October 1, 2014. During your appointment on October 1, 2014, Dr. McVea prescribed Benadryl three times a day and Dove soap. Dr. McVea also made a referral for you to be seen in the Dermatology Clinic. Once we receive a confirmed appointment, you will be transported accordingly.
>
> No further relief is warranted for this complaint. Your request for remedy has been denied.[5]

Plaintiff then appealed the denial of his grievance. However, that appeal was denied by the Headquarters of the Louisiana Department of Public Safety and Corrections on November 25, 2014. That denial stated:

> Response to Request Dated 10/14/2014, Received in this Office on 10/23/2014:
>
> Your request for an Administrative Review of ARP #RCC-2014-490 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response. Your statement has been considered as well as your medical records. The medical staff is well aware of your medical condition and has adequate information upon which to past a determination of your medical concerns and the treatment necessary. As stated in the first step response and which is supported by your medical records, a treatment plan has been given for your medical concerns and when the medical staff is

---

[5] Rec. Doc. No. 1 at 7.

4

>informed of your appointment date and time, you will be transported accordingly. Medical opinion is controlling. The medical care you have received and continue to receive is deemed adequate. No further investigation will be conducted as this issue has been clearly addressed in the first step response.
>
>Therefore, your request for relief is denied.[6]

However, by the time that appeal was denied, plaintiff had already been allowed to consult a specialist. Specifically, on October 7, 2014, plaintiff participated in a tele-med conference with a dermatologist who prescribed an oral medication. Unfortunately, plaintiff alleges that the oral medication also did not work, and his problem remains unresolved.[7]

In order to conduct the screening mandated by federal law, the Magistrate Judge obtained and reviewed certified copies of plaintiff's medical records.[8] Those records corroborated the foregoing information and show that plaintiff was ultimately diagnosed as having Tinea Versicolor, a fungal infection of the skin. Over the course of his treatment he was prescribed various medications and other products, including Benadryl (an oral antihistamine), Diflucan (an oral antifungal medication), Temovate ointment (a topical corticosteroid), Kenalog cream (another topical corticosteroid), Selenium Sulfide shampoo, and Dove soap.

---

[6] Rec. Doc. No. 1 at 8.
[7] Rec. Doc. No. 1 at 12.
[8] Rec. Doc. No. 6 at 4; Rec. Doc. No. 8.

## II. LAW AND ANALYSIS

### a. Standard of Review

Federal Rule of Civil Procedure 72 requires that the Court conduct a *de novo* review of the plaintiff's Objections to the Report and Recommendation, the proposed findings, conclusions and recommendations. The Court must also construe the plaintiff's complaint "under the less stringent standards applicable to *pro se* litigations." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Gallegos v. Slidell Police Dept.*, No. 07-6636, 2008WL1794170 (E.D. La. April 18, 2008).

### b. Plaintiff's Objection is Untimely

The first issue that must be resolved is whether plaintiff submitted his objections to the Magistrate Judge's Report and Recommendation in a timely manner. In his Report and Recommendation the Magistrate Judge made clear that any objections thereto had to be filed within fourteen days to preserve the right to any further judicial review. Because plaintiff was served on January 23, 2015, his objection was due on February 6, 2015. Under the "prison mailbox rule," an inmate's pleading is deemed to have been filed on the day it was handed over to prison authorities for mailing. *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009)(per curiam); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

If the application is received the day after the expiration date, there is a rebuttable presumption that the petition was filed timely. *Mead v. Cain*, 243 F. App'x 874 (5th Cir. 2007). In a case where the presumption is not applicable, the timeliness is determined by the postmark on the envelope by the United States Postal Service. *Id*. Here, the presumption does not apply as the pleading was received more than one day after the expiration date.

In this case, applying the prison mailbox rule as stated in *Mead*, plaintiff's objections are untimely. On February 11, 2015, plaintiff submitted for filing a letter to the Court, informing that he was having difficulty accessing the prison's law library.[9] However, this letter itself was untimely, and plaintiff failed to otherwise (timely) move for an extension of time to file an objection. Plaintiff's objections were not postmarked until February 12, 2015, six days late.[10] Plaintiff has not presented any evidence that he deposited the objection with the prison authorities earlier than February 12, 2015. Thus, for the purposes of his objection, this court must use February 12, 2015 postmark as the filing date, which makes plaintiff's objection untimely in violation of the Magistrate Judge's orders. *See Mead*, 243 F. App'x. at 874.

---

[9] Rec. Doc. No. 9.
[10] Fed. R. Civ. P. 72 provides a 14 day time limit for objecting to a magistrate's Report and Recommendation.

7

### c. The Magistrate Judge was Correct in Finding the Plaintiff's Complaint Fails to State a Claim Upon which Relief can be Granted.

Even if this court considers plaintiff's untimely objection, the allegations as asserted fail to state a claim upon which relief can be granted, thus requiring dismissal pursuant to 18 U.S.C. §§ 1915A, 1915(e)(2). When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the Court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). Federal law provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).
>
> With regard to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides: Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal-
>
> > (1) is frivolous or malicious;
> > (2) fails to state a claim upon which relief may be granted; or
> > (3) seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

8

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Factual allegations must be enough to raise a right to relief above the speculative level. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(citation, footnote, and quotation marks omitted). Of course, in making this determination, the Court must assume that all of the plaintiff's allegations are true.

As the Magistrate Judge noted:

> The United States Supreme Court has explained:
>
> A claim has facial plausibly when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely inconsistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.[11]

### Claims against Warden Robert C. Tanner, Assistant Warden Wayne Cook, Dr. McVea and "Dr. Soil"

---

[11] Rec. Doc. No. 6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9

The Magistrate Judge dismissed the claims against the Warden Tanner and Assistant Warden Cook, reasoning as follows: "They are not medical professionals, and they had no direct involvement with plaintiff's medical care. Although they hold supervisory positions at the jail, supervisory officials cannot be held vicariously liable for the actions of their subordinates pursuant to 42 U.S.C. § 1983."[12] Thus, to the extent plaintiff seeks to assert claims against Warden Tanner and Warden Cook for the actions or inactions of Dr. McVea and/or "Dr. Soil," the claims cannot stand and must be dismissed.

On the underlying medical claim, the Magistrate Judge noted that a prisoner's constitutional right to medical care is violated only if his "serious medical needs" have been met with "deliberate indifference" on the part of penal authorities.[13] Although the Magistrate Judge addressed this issue, plaintiff here objects that he has made a showing of deliberate indifference to his medical needs on the part of the defendants.

> A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "' refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any **serious medical needs.'" "'Deliberate indifference 'is an extremely high standard to meet.'"**

---

[12] Rec. Doc. No. 6 at 6 (citing e.g. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)).
[13] Rec. Doc. No. 6 at 7 (citing *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

10

*Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)(emphasis added).

The law and facts however, do not support plaintiff's claim of deliberate indifference. The Court first notes that a rash may not be considered a "serious medical need" for the purposes of constitutional law. *See e.g. Guy v. Carter*, No. 13-5730, 2014WL644321, at *8 (E.D. La. Feb. 14, 2014). Second, all complaints, grievances and requests by plaintiff were promptly addressed and responded to by penal officials. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Plaintiff does not claim defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Rather, plaintiff alleges neglect on the part of defendants.[14] Plaintiff's allegations of medical negligent undermine his claim of deliberate indifference. To the extent that plaintiff disagrees with the manner in which in his complaints were addressed and/or with the overall medical treatment, "an inmate has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and

---

[14] Rec. Doc. No. 11 at 4.

resolved to his satisfaction."[15] To the extent plaintiff contends that the treatment he received has failed to successfully cure him, federal constitutional protections are not violated just because treatment is unsuccessful or because pain persists despite treatment. *Gobert*, 463 F.3d at 346.  Further, as the Magistrate Judge noted:

> Moreover, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. *Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999); *see also Kelly v. Gusman*, Civ. Action No. 07611, 2007 WL2007992, at *4 (E. D. La. July 5, 2007); *Cerna v. Texas Tech Mechanical Staff*, No. 2:03-CV-0322, 2004WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or medical malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Coleman v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013).[16]

In sum, plaintiff's claim for deprivation of "adequate medical care" is frivolous and lacks basis in law or fact. The allegations of negligence here do not support the requisite "deliberate indifference" to plaintiff's constitutional right to medical care. The Court agrees that there is no basis to second guess the medical judgments at issue. Such judgments are better left to the expertise of medical professionals. *Westlake v.*

---

[15] Rec. Doc. No. 6 at 7 (citing *Bonneville v. Basse*, 536 Fed. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F. 3d 371, 373-74 (5th Cir. 2005))
[16] Rec. Doc. No. 6 at 9.

*Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law).

**III. CONCLUSION**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the findings of the Magistrate Judge be **AFFIRMED** and Petitioner's 42 U.S.C. § 1983 petition be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 7th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE